Case 4:25-cv-02803   Document 11   Filed on 10/22/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMY LYNN E.,[1] § <br> *Plaintiff,* § <br> § <br> v. § <br> § No. 4:25-cv-2803 <br> FRANK BISIGNANO, § <br> Acting Commissioner of Social § <br> Security, § <br> *Defendant.* § | |

## JUDGE PALERMO'S REPORT AND RECOMMENDATION

Plaintiff Tammy Lynn E. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for supplemental security income under Title XVI of the Social Security Act ("the Act"). Plaintiff filed a motion for summary judgment. Pl.'s MSJ, ECF No. 6. Plaintiff seeks an order remanding the case for an award of benefits or further consideration, arguing the Appeals Council failed to properly consider Plaintiff's additional evidence and the ALJ failed to properly consider Dr. Robert Gordon's

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

1

opinion and erred at Step Five. ECF No. 6. Defendant does not address Plaintiff's arguments but requests the Court reverse and remand the case to the Commissioner. Def.'s Mot., ECF No. 10.[2] Plaintiff does not oppose Defendant's motion. ECF No. 10. Based on the record and the applicable law, the Court finds Defendant's motion to reverse and remand should be granted.

## I.   BACKGROUND

Plaintiff is 52 years old and has a high school education. R. 26, 384, 394.[3] Plaintiff worked as a home health aide, host and waitress, and maid. R. 391, 402. Plaintiff claims she suffers physical and mental impairments. R. 393.

On November 1, 2021, Plaintiff filed her application for Social Security income under Title XVI of the Act. R. 495–501. Plaintiff based her application on "Epilepsy, Seizures, Fifteen surgeries to back, Neck Tumor, Aneurysm on heart, Neuropathy, Respiratory syncytial virus, COPD, Legs pain and weakness, Arms pain and weakness, Back pain, Anxiety, Depression, Celiac Disease, Stomach damage, CTS with surgery in both hands. . . . aneurysm on heart, bladder, stomach and rectum and hands, heart and stomach problems, migraines. R. 384, 394. The Commissioner denied her claim initially, R. 383, and on reconsideration, R. 393.

---

[2] The district judge to whom this case is assigned referred it for all pretrial purposes. Order, ECF No. 7. A motion to remand is dispositive and appropriate for a Report and Recommendation. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016)

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 5.

A hearing was held before an Administrative Law Judge ("ALJ"). R. 365–82. An attorney represented Plaintiff at the hearing. R. 40. Plaintiff and a vocational expert ("VE") testified at the hearing. The ALJ issued a decision denying Plaintiff's claims for benefits.[4] R. 12–31. The Appeals Council denied Plaintiff's request for review, affirming the ALJ's denial of benefits. R. 1–7. Plaintiff filed this action, appealing the determination. ECF No. 1.

## II.   REMAND IS APPROPRIATE.

Defendant requested the Court reverse and remand the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and enter a final judgment. ECF No. 10. Defendant represents Plaintiff does not oppose the motion. *Id.*

A district court, reviewing final agency decisions on Social Security benefits, may remand only pursuant to sentence four[5] or sentence six[6] of § 405(g). *Shalala v.*

---

[4] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 26-27. At step five, the ALJ found that considering her age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform: marker, office helper, and mailroom clerk, and therefore, was not disabled. R. 27.

[5] Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four.

[6] Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g), sentence six. A sentence six remand "may be ordered in only two situations: where the [Commissioner]

*Schaefer*, 509 U.S. 292, 296 (1993). A sentence four remand "authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting § 405(g), sentence four) (quotations removed). Also, for a sentence four remand, the district court has the power to enter the order "upon the pleadings and transcript of record." 42 U.S.C. 405(g). "The Supreme Court has noted that a remand for further administrative proceedings, such as the requested remand in the instant case, is a sentence four remand." *Fitzgerald v. Kijakazi*, No. 7:21-CV-00148, 2022 WL 1037461, at *4 (S.D. Tex. Mar. 29, 2022), *report and recommendation adopted*, No. CV M-21-148, 2022 WL 1028074 (S.D. Tex. Apr. 5, 2022) (where the defendant requested reversal and remand for further administrative proceedings (citing *Shalala*, 509 U.S. at 298; *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990))). A sentence four remand requires entry of a judgment. *Id.* (citing *Shalala*, 509 U.S. at 297-98; *see Luna v. U.S. Dep't of Health & Human Servs.*, 948 F.2d 169, 172 (5th Cir. 1991)).

Here, Defendant requests reversal and remand for further administrative proceedings. ECF No. 10. A request for reversal and remand based on a request for

---

requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2 (citing § 405(g), sentence six). Because the Commissioner already answered, ECF No. 5, and has not presented any new evidence, ECF No. 10, sentence six is not applicable here.

further administrative proceedings is equivalent to the need for further factfinding and is thus proper pursuant to § 405(g). *Fitzgerald*, 2022 WL 1037461, at *4. Therefore, pursuant to § 405(g), reversal and remand are proper along with entry of a final judgment. *See Fitzgerald*, 2022 WL 1037461, at *4 (finding reversal and remand proper along with entry of a final judgment, pursuant to § 405(g)); *accord Teresa F. v. Kijakazi*, No. 4:21-CV-0459, 2022 WL 17586026, at *2 (S.D. Tex. Oct. 28, 2022), *adopted sub nom. Fulks v. Saul*, No. 4:21-CV-00459, 2022 WL 17586292 (S.D. Tex. Dec. 9, 2022) (same); *Huda I. v. Kijakazi*, No. 4:22-CV-0707, 2022 WL 17586027, at *2 (S.D. Tex. Oct. 28, 2022), *adopted sub nom. Ibrahim v. Kijakazi*, No. 4:22-CV-00707, 2022 WL 17586020 (S.D. Tex. Dec. 12, 2022) (same); *Judge H. v. Comm'r of Soc. Sec.*, No. 4:21-CV-3595, 2022 WL 16577317, at *2–3 (S.D. Tex. Oct. 31, 2022) (same).

### III.   CONCLUSION

The Court **RECOMMENDS** that Defendant's motion to reverse and remand, ECF No. 10, be **GRANTED** and that the Commissioner's determination that Plaintiff is not disabled be **REVERSED**. The Court further **RECOMMENDS** that this case be **REMANDED** to the Commissioner for further proceedings, Plaintiff's Complaint, ECF No. 1, be **DISMISSED without prejudice,** Plaintiff's motion for summary judgment, ECF No. 6 be **DENIED** as moot, and that the Court enter a separate final judgment.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

**SIGNED** at Houston, Texas, on October 6, 2025.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**